Conley ACKERMANN, et al., Michael L. Whitescarver, John B. Farleigh, Robert A. Benson, Beverly Stover and Danny J. Allen, Marilyn J. Clauss, Petitioners,

v.

MUNICIPALITY OF ANCHORAGE and State of Alaska, Respondents.

Nos. 7495, 7497, 7499, 7503, 7513 and 7790.

Supreme Court of Alaska.

Sept. 1, 1983.

Before BURKE, C.J., RABINOWITZ, MATTHEWS, COMPTON, JJ., and ROWLAND, Superior Court Judge.

ORDER

On consideration of the petitions for hearing filed April 6, 1983, April 4, 1983, April 13, 1983, April 26, 1983, April 7, 1983, and April 20, 1983, and the various oppositions filed thereto,

IT IS ORDERED:

The petitions for hearing are denied.

Entered by direction of the court at Anchorage, Alaska on September 1, 1983.

RABINOWITZ and COMPTON, JJ., dissent.

MOORE, J., not participating.

RABINOWITZ, Justice, dissenting.

I would grant Ackermann's Petition for Hearing for the reasons expressed in my dissent in State v. Glass, 596 P.2d 10 (Alaska 1979), and the more recent decision of the United States Supreme Court in U.S. v. Johnson, 457 U.S. 537, 102 S.Ct. 2579, 73 L.Ed.2d 202 (1982).[1]

COMPTON, Justice, dissenting, with whom RABINOWITZ, Justice, joins:

I firmly believe this court has abused its discretion in refusing to grant Ackermann's

Petition for Hearing. It seems apparent to me that the Petitioners are victims of a gross miscarriage of justice, which this court could and should rectify.

Without doubt, if the Petitioners' motions to suppress their breathalyzer scores had been decided and appealed to the court of appeals, those appeals would have been consolidated with Anchorage v. Serrano, 649 P.2d 256 (Alaska App.1982). In that event, the principle of law announced in Serrano would have inured to the Petitioners' benefit. This procedure, however, was not followed. Instead, the district court decided to stay the motions until the decision in Serrano was announced. This was done in the interests of "judicial economy," and because the district court had "heard through the court house grapevine that the Court of Appeals did not want to receive any more paperwork on the breath sample issue." The district court and the Petitioners reasonably assumed that the law announced in Serrano would apply to the stayed motions.

In a decision that could not have been anticipated, the court of appeals announced that its holding in Serrano would apply only to (1) those appeals that had been consolidated with Serrano and Cooley v. Municipality of Anchorage, 649 P.2d 251 (Alaska App.1982), (2) those cases in which the trial court had already ordered suppression of the breathalyzer score, and (3) those cases arising after the date of the court's decision. 649 P.2d at 260–61. The Municipality of Anchorage asserted that this language prevented the district court from applying the law announced in Serrano to the Petitioners' cases. The court ruled that the Municipality was technically correct, even though it believed that this result was "inequitable" and "troubling." The court was all the less comfortable with this ruling in view of the State of Alaska's commendable decision not to oppose the application of Serrano to its prosecutions, which had similarly been stayed pending Serrano.

[1]. Further, I am in agreement with the views expressed by Justice Compton in his dissent in this case.

As I have indicated, the district court's decision to stay the Petitioners' motions was based in part on its understanding and belief that the court of appeals did not wish any further cases to be consolidated with *Serrano.* Because this wish was respected, the Petitioners have been deprived of the benefit of the law announced in *Serrano.* The unfairness of this result is obvious. I believe the judiciary is obligated to rectify an error for which it is at least partially responsible. Accordingly, I would grant the Petition for Hearing.

J.C., **Appellant,**